TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
NITZKIN & ASSOCIATES
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Thomas McLaughlin*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas McLaughlin, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC, a Delaware limited liability company; and Synchrony Bank, a foreign company, | **JURY TRIAL DEMANDED** |
| Defendants. | |

NOW COMES THE PLAINTIFF, THOMAS MCLAUGHLIN, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

# JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p., and 28 U.S.C. §§1331, 1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

# VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Scottsdale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

# PARTIES

5. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union"), which is a Delaware company that maintains a registered agent in Maricopa County, Arizona; and

   b. Synchrony Bank ("Synchrony"), which, upon information and belief, is a foreign company that maintains offices in Kettering, Ohio.

# GENERAL ALLEGATIONS

6. Synchrony is reporting its trade line with account number 604587212908**** ("Errant Trade Line") with multiple charge offs on Plaintiff's Trans Union credit file.

7. These multiple charge offs convey to any user or prospective of Plaintiff's credit reports that, not only was a charge off incurred on a particular date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

8. On or about November 9, 2015, Mr. McLaughlin obtained his Trans Union credit file and noticed the multiple charge offs on the Errant Trade Line.

9. On or about December 2, 2015, Mr. McLaughlin submitted a letter to Trans Union, disputing the multiple charge offs on the Errant Trade Line.

10. Upon information and belief, Defendant Trans Union forwarded Mr. McLaughlin's dispute to Defendant Synchrony.

11. On or about January 5, 2016, Mr. McLaughlin received Trans Union's investigation results, which showed that Synchrony retained the multiple charge offs on the Errant Trade Line.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY**

12. Plaintiff re-alleges the above paragraphs as if recited verbatim.

13. After being informed by Trans Union of Mr. McLaughlin's consumer dispute regarding the Errant Trade Line, Synchrony negligently failed to conduct a proper investigation of the Plaintiff's dispute as required by 15 USC 1681s-2(b).

3

14. Synchrony negligently failed to review all relevant information available to it and provided by Trans Union in conducting its investigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union to remove the multiple charge offs from the Errant Trade Line from Mr. McLaughlin's consumer credit reports.

15. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. McLaughlin's consumer credit file with Trans Union to which it is reporting such trade line.

16. As a direct and proximate cause of Synchrony's negligent failure to perform its duties under the FCRA, Mr. McLaughlin has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

17. Synchrony is liable to Mr. McLaughlin by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

18. Mr. McLaughlin has a private right of action to assert claims against Synchrony arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Synchrony for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY**

19. Plaintiff re-alleges the above paragraphs as if recited verbatim.

20. After being informed by Trans Union that Mr. McLaughlin disputed the accuracy of the information it was providing, Synchrony willfully failed to conduct a proper investigation of Mr. McLaughlin's dispute.

21. Synchrony willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

22. As a direct and proximate cause of Synchrony's willful failure to perform its respective duties under the FCRA, Mr. McLaughlin has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Synchrony is liable to Mr. McLaughlin for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Synchrony for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

24. Plaintiff re-alleges the above paragraphs as if recited verbatim.

25. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. McLaughlin as that term is defined in 15 USC 1681a.

26. Such reports contained information about Mr. McLaughlin that was false, misleading, and inaccurate.

27. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. McLaughlin, in violation of 15 USC 1681e(b).

28. After receiving Mr. McLaughlin's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable investigation as required by 15 U.S.C. 1681i.

29. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. McLaughlin has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

30. Trans Union is liable to Mr. McLaughlin by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

31. Plaintiff re-alleges the above paragraphs as if recited verbatim.

32. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. McLaughlin as that term is defined in 15 USC 1681a.

33. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

34. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. McLaughlin, in violation of 15 USC 1681e(b).

35. After receiving Mr. McLaughlin's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. McLaughlin has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

37. Trans Union is liable to Mr. McLaughlin by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: January 19, 2016                    NITZKIN & ASSOCIATES

                                           By: _/s/   Trinette G. Kent_
                                           Trinette G. Kent
                                           Attorneys for Plaintiff,
                                           Thomas McLaughlin